# LEE vs. SWIFT.

The defendant, for the accommodation of the plaintiff, made a promissory note payable to him in one year, without words of negotiability, and at the same time took from him an agreement to indemnify him against it; and the maker and payee then left it with a third person to be delivered to C., which was done; but there was no evidence upon what account or for what consideration it was delivered to C.; *held*, in an action on the note at the suit of the payee, that the defendant was not responsible, for the want of proof that C. received it for a valuable consideration.

ASSUMPSIT, tried at the Seneca circuit in May, 1844, before WHITING, C. Judge. The plaintiff gave in evidence a promissory note made by the defendant to the plaintiff without words of negotiability, for five hundred dollars, payable one year from date, and dated at Waterloo, December 17th, 1838, and rested.

The defendant produced, proved and read in evidence a receipt signed by the plaintiff, in the following words:

" Rec'd of M. H. Swift [the defendant] his note, made payable to me in one year, for five hundred dollars, from which I agree to save him harmless. Waterloo, Dec. 17th, 1838.

N. P. LEE."

The plaintiff then called one Gay as a witness, who testified that on the 17th day of December, 1838, the plaintiff and defendant came together to the witness' store in Waterloo, went to his desk, and, as he fully believes, there wrote the note in question, and then left the store in company—one of them in the presence of the other saying to the witness, as they went out, "We have left a note on the desk for Col. Chamberlain;" but he could not tell which it was that said this. The witness stated that Chamberlain had been at the store shortly before that time, but was not in when the note was written, though he was not far off; that he came in shortly afterwards, and the witness gave him the note. On the cross-examination of the witness, it appeared that the plaintiff had become insolvent; that he was discharged under the bankrupt act in 1842, and had

moved to the state ·of Indiana.   The witness knew nothing of the consideration upon which Chamberlain received the note, and he heard nothing upon the subject from the parties except what is above stated.

The defendant's counsel insisted, that as the note was not in terms negotiable, and the receipt shewing it to have been given for the accommodation of the payee, the plaintiff could not recover without proof that it had been transferred to Chamberlain for a valuable consideration; and no such proof, it was urged, had been given.

The circuit judge charged the jury, that if they were of opinion that the note was transferred to Chamberlain at the time it was made, for a valuable consideration, the plaintiff was entitled to recover; but if it was the property of Lee, their verdict should be for the defendant.   The jury found a verdict for the plaintiff for the amount of the note and interest.   The defendant moves for a new trial on a case.

*J. McAlister,* for the defendant, insisted, that as between maker and payee, the note was never an operative security, having been given for the accommodation of the latter; and that if it were conceded that it could be made operative by a transfer to a third party, such transfer must be proved, and must appear to have been made for a valuable consideration, of which he maintained there was no evidence to submit to the jury.   He cited *Chamberlain* v. *Gorham,* (20 *John. R.* 144;) *Dyer* v. *Homer,* (22 *Pick.* 253–256.)

*Knox & Watkins,* for the plaintiff, contended that the evidence authorized the jury to find that the note was made for the benefit of Chamberlain, pursuant to an agreement between the maker and payee, and that the substantial rights of the parties were the same as though it had been in terms payable to him instead of being made payable to Lee ; that the only difference was, that Chamberlain, for reasons regarding form, was obliged to prosecute in the name of Lee ; but that if a consideration be-

tween Chamberlain and Lee was necessary to be established, the evidence warranted the jury in finding such consideration.

*By the Court,* JEWETT, J.   Taking the note and the receipt together, and connecting them with the facts and circumstances proved, there is ground for a conjecture that the note was, as between Swift and Lee made by the former for the *accommodation* of the latter, to be then delivered to Chamberlain as his property to secure him the payment of $500, then understood by all the parties to be due from Lee to him ; and which amount Lee was under some obligation to secure in that mode.   It is insisted by the counsel for the defendant, that as between Lee and Swift, the note being accommodation paper, never had any legal existence ; and not being negotiable by its terms, Chamberlain could not recover upon it in the name of Lee without proving himself a *bona fide* assignee of the note and for valuable consideration : that the defendant having proved that the note was made for the accommodation of Lee and without consideration as between them, the burden of proving value paid to Lee by Chamberlain lay with the latter.

The late Ch. Justice Nelson, in *Rogers* v. *Morton,* (12 *Wend.* 484,) observes : " A promissory note imports a valuable consideration upon its face, and possession is presumptive evidence of property rightfully acquired ; but when the maker shows that it was obtained from him and put into circulation by force or fraud, all the above intendments of law are rebutted, and proof becomes necessary." But this principle does not appear materially to aid the defendant.   He has however shewn that he made the note for the accommodation of Lee, the payee, which cast the burden upon Chamberlain, who claims the beneficial interest, of shewing that he acquired it rightfully and for valuable consideration.   To maintain that position, he proved that at the date of the note and receipt, he was in company with the maker and payee near the store of Gay at Waterloo ; that the maker and payee went into the store, made the note and left it with Gay, with directions to hand it to him, Chamberlain ; that soon after, on the same day, Chamberlain went into the store and

Gay handed him the note. These facts, although they furnish strong ground to presume, were not sufficient to authorize the jury to find that there was a valuable consideration from Chamberlain to Lee for the note. That it was made by the defendant, at the instance of Lee, for the purpose of being transferred to Chamberlain, upon some unexplained consideration, is rendered highly probable. If that consideration was a debt due from Lee to Chamberlain, or money or other thing advanced by the latter to the former, Chamberlain, on proof of these facts, would be entitled to recover in the name of Lee; but in the absence of such proof, it does not appear but that the prosecution is for the benefit of Lee, the payee, who it is conceded has no right to recover on his own account.

The evidence does not warrant any imputation of a design to defraud the defendant. He knew the object and purpose intended to be accomplished by the note, and took an indemnity from the payee to save him harmless by reason of it; on which he relied as his security. But the difficulty remains that there is no proof of value paid by Chamberlain to Lee as a consideration for the transfer to him.

New trial granted.